**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 14, 2023

LETTER TO PARTIES

      RE:    *Anthony F. v. Commissioner, Social Security Administration*
              Civil No. SAG-22-2771

Dear Plaintiff and Counsel:

On October 27, 2022, Plaintiff Anthony F., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision pertaining to the cessation of Plaintiff's benefits. ECF No. 1. I have considered the parties' briefs. ECF Nos. 15, 19, 23. I have also considered Plaintiff's motion to strike certain references contained in the Commissioner's brief. ECF No. 24.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion to strike and affirm the SSA's decision. This letter explains my rationale.

## I.    __PROCEDURAL BACKGROUND__[2]

On August 23, 2006, the SSA awarded Disability Insurance Benefits ("DIB") to Plaintiff and found Plaintiff disabled as of September 3, 2005. Tr. 138. On December 2, 2011, and again on May 13, 2016, the SSA found that Plaintiff's disability had continued. Tr. 93–97, 176–77. On July 1, 2016, however, the SSA determined that Plaintiff was no longer disabled as of July 1, 2016. Tr. 98–99. After that determination was upheld on reconsideration, Plaintiff requested a hearing. Tr. 138. Following the hearing, an Administrative Law Judge ("ALJ") determined on August 14, 2018, that Plaintiff's disability ended on July 1, 2016. Tr. 135–53. The Appeals Council vacated the decision and remanded the case to the ALJ. Tr. 154–56. On October 1, 2019, the ALJ determined that Plaintiff's disability ended on May 1, 2014. Tr. 157–71. The Appeals Council again vacated the decision and remanded the case to a different ALJ. Tr. 172–75.

---

[1] Defendant did not file a response to Plaintiff's motion to strike.

[2] Due to the lengthy procedural history of this case, and because the record lacks certain documents that do not directly pertain to the issues raised by Plaintiff, the Court recites only the relevant procedural background of the case for purposes of resolving the pending appeal.

*Anthony F. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2771
November 14, 2023
Page 2

On March 17, 2021, and June 21, 2021, an Administrative Law Judge ("ALJ") held a hearing.[3]  Tr. 43–70.  On July 29, 2021, the ALJ determined that Plaintiff's disability ended on May 1, 2014.  Tr. 24–42.  The Appeals Council denied Plaintiff's request for review, Tr. 5–9, so the ALJ's July 29, 2021 decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.      THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "Ordinarily, the SSA employs a five-step sequential evaluation process" to assess disability. *Figgs v. Saul*, No. JMC-20-334, 2021 WL 3930708, at *1 (D. Md. Sept. 2, 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015)).  "However, where the SSA granted a claimant benefits and subsequently terminated same, an eight-step continuing disability review evaluation process (for disability insurance benefits claims) and a seven-step continuing disability review evaluation process (for supplemental security income claims) guides the ALJ's analysis." *Id.* (citing 20 C.F.R. § 404.1594).  The Court has explained this process as follows:

> At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied.  At step two, the claimant's impairment is compared to those in the Listing of Impairments [ ].  *See* 20 C.F.R. Part 404, Subpart P, App. 1.  If the impairment is included in the Listing or is equivalent to a listed impairment, disability continues.  If the claimant's impairment does not meet or equal a listed impairment, the Commissioner proceeds to step three.  At step three, the Commissioner determines whether the claimant has experienced any medical improvement; if so, the Commissioner proceeds to step four, and if not, the Commissioner skips to step five.  At step four, the Commissioner determines whether the medical improvement is related to the claimant's ability to work; that is, whether there has been an increase in the claimant's residual functional capacity [ ].  If not, the Commissioner proceeds to step five; if so, the Commissioner skips to step six.  At step five—by which point the Commissioner has concluded that the claimant has not experienced medical improvement or the medical improvement is not related to the claimant's ability to work—the commissioner considers whether any of the exceptions to the medical exceptions to the medical improvement standard apply.  20 C.F.R. §§ 404.1594(d), (e).  At step six, provided the medical improvement is related to the claimant's ability to work, the Commissioner determines whether the claimant's current impairments in combination are severe; if not, the claimant is no longer disabled.  If so, the Commissioner proceeds to step seven and assesses the claimant's RFC to determine whether he or she can perform past relevant work experience.  If the claimant can perform his or her past relevant

---

[3] Due to technical issues that occurred on March 17, 2021, the hearing was temporarily postponed and resumed on June 21, 2021.  Tr. 46.

*Anthony F. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2771
November 14, 2023
Page 3

> work experience, the claimant is not disabled. If the claimant cannot perform past relevant work, however, the Commissioner reaches step eight and considers whether, given the claimant's RFC, age, education, and past experience, the claimant can perform other substantial gainful work.

*Id.* (brackets in original) (quoting *Furdon v. Berryhill*, No. 5:18-cv-BO, 2019 WL 1117908, at *2 (E.D.N.C. Mar. 11, 2019)). "Under each of the continuing disability review evaluation processes, there is no presumption of continuing disability." *Id*. at *2 (citation omitted).

Here, at step one, the ALJ determined that Plaintiff engaged in substantial gainful activity after the "continuing point decision" ("CPD") date of December 2, 2011—the date on which the SSA had most recently determined Plaintiff to be disabled—and that Plaintiff "has continued to have the same impairments that he had at the time of the CPD." Tr. 29–30. At step two, the ALJ found that "[s]ince May 1, 2014, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 30. At step three, the ALJ found that, based on the medical evidence of record, "there has been no decrease in [the] medical severity of [Plaintiff's] impairments because there has been improvement in signs, symptoms, or laboratory findings. Therefore, medical improvement has not occurred." Tr. 30–31.

Having so determined at step three, the ALJ proceeded to step five. There, the ALJ determined that an exception to medical improvement applied—namely, the "exception to medical improvement where a prior determination or decision was fraudulently obtained." Tr. 31 (citing 20 C.F.R. § 404.1594(e)(1)). Thus, the ALJ determined that Plaintiff's benefits ceased on May 1, 2014 because substantial evidence demonstrated that Plaintiff "fraudulently conceal[ed] work and earnings while continuing to receive disability benefits[.]" Tr. 31–32. The ALJ further concluded that Plaintiff "has not become disabled again since that date." Tr. 32.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained the findings and rationale for crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Anthony F. v. Commissioner, Social Security Administration
Civil No. SAG-22-2771
November 14, 2023
Page 4

## IV.   <u>ANALYSIS</u>

Plaintiff's main argument on appeal is that the ALJ erroneously determined that his benefits ceased on May 1, 2014.  ECF No. 15 at 5.  In addition to this argument, Plaintiff lists eleven other issues in his brief.  *Id.* at 4–5.  Specifically, he contends: (1) that the ALJ modified prior decisions issued by the SSA without affording Plaintiff due process; (2) that the ALJ erred by failing to consider the Fourth Circuit's decision in *Albright v. Comm'r of Soc. Sec. Admin*., 174 F.3d 473, 476 (4th Cir. 1999); (3) that the ALJ erred by giving consideration to fraud or similar fault; (4) that the ALJ improperly discounted statements made by Plaintiff's treating physician; (5) that the ALJ's residual functional capacity ("RFC") assessment was not supported by the application of correct legal standards or substantial evidence; (6) that the ALJ erred by failing to secure a waiver of the right to representation from Plaintiff; (7) that the ALJ failed to swear Plaintiff in during the June 21, 2021 hearing; (8) that the ALJ failed to advise Plaintiff of all issues to be considered during the June 21, 2021 hearing; (9) that the ALJ did not "consider[]" or "evaluat[e]" evidence that Plaintiff "previously presented"; (10) that the ALJ erred by failing to consider whether Plaintiff's impairments met or equaled a listed impairment; and (11) that the ALJ erred at steps four and five by failing to evaluate Plaintiff's RFC.  *Id.*

Defendant counters that the ALJ appropriately found that Plaintiff fraudulently obtained benefits and contends that Plaintiff has failed to challenge this determination on appeal.  ECF No. 19 at 12–16.  For the following reasons, the Court determines that Plaintiff's arguments are unavailing.

### A.   <u>The ALJ Properly Determined that Plaintiff's Disability Ended on May 1, 2014.</u>

First, Plaintiff argues that the ALJ erred by determining that his benefits ceased on May 1, 2014.[4]  ECF No. 15 at 5.  A review of the record and the ALJ's decision makes clear, however, that the ALJ's determination was supported by substantial evidence and correct legal standards.

The SSA is required to "redetermine" a claimant's entitlement to benefits whenever there "is reason to believe that fraud or similar fault was involved" in the claimant's application for benefits.  42 U.S.C. § 405(u)(1)(A).  In the context of redetermining SSA benefits, "[f]raud exists when a person, with the intent to defraud, either makes or causes to be made, a false statement or misrepresentation of a material fact for use in determining rights under the [Social Security] Act; or conceals or fails to disclose a material fact for use in determining rights under the [Social Security] Act."  Social Security Ruling ("SSR") 22-1P, 2022 WL 2533116, at *4 (S.S.A. May 17, 2022).  Similar fault exists when "an incorrect or incomplete statement that is material to the determination is knowingly made, or information that is material to the determination is knowingly

---

[4] Although he states that he "is not seeking any additional payments from [the] SSA," Plaintiff also requests an "allowance of a period of disability from no later than May 2014 through July 2016 and an award of [benefits] for the additional 2 months from August 2016 through September 2016[.]" ECF No. 15 at 5.  Plaintiff's argument regarding the date on which his disability benefits ceased appears to concern the SSA's alleged contention that Plaintiff is in debt to the SSA for an "overpayment" of benefits.  *Id.*

Anthony F. v. Commissioner, Social Security Administration
Civil No. SAG-22-2771
November 14, 2023
Page 5

concealed." *Id.* (quoting 42 U.S.C. §§ 405(u)(2), 1383(e)(7)(B)).

The SSA "may discover suspected fraud or similar fault . . . in a variety of ways." *Id.* at *3. For instance, the SSA may "learn about fraud from [the] Office of the Inspector General" or "from a Federal or State prosecutor during the course of a criminal investigation or prosecution." *Id.* Regarding similar fault, the SSA may "uncover information" during the administration of SSA programs "that provides a reason to believe similar fault was involved in the provision of evidence in an individual's claim for benefits or payments." *Id.*

Here, the ALJ determined that there was "substantial evidence showing that a prior determination or decision was fraudulently obtained" pursuant to 20 C.F.R. § 404.1594(e)(1). Tr. 31. To support this determination, the ALJ cited an investigative report from the Office of the Inspector General which "indicate[d] that [Plaintiff] was fraudulently concealing work and earnings while continuing to receive disability benefits." *Id.* The ALJ observed that the report, dated April 27, 2016, indicated that Plaintiff "worked full time as a driver from September 2014 to March 2015 under an alternative social security number." *Id.* The ALJ also noted that Plaintiff "was investigated, pled guilty to theft, and [was] sentenced in relation to his receipt of disability benefits." *Id.* Lastly, the ALJ took note of Plaintiff's testimony that "he did not intend to defraud the government, did not provide the government any false statements or misrepresent material facts, did not conceal or fail to disclose material facts to the [SSA], did not plead guilty, and was never convicted of a fraud and similar fault issue in Maryland." Tr. 31–32. Based on "an evaluation of all the evidence," the ALJ concluded that the fraud and similar fault exception applied and that Plaintiff's benefits "were appropriately ceased on May 1, 2014." *Id.*

Plaintiff argues that this determination constituted error because Plaintiff's criminal charge for theft was "dismissed and expunged." ECF No. 15 at 7. This contention is unavailing. The record makes clear that although Plaintiff was not convicted of defrauding the SSA, he entered an *Alford* plea[5] in state court in July 2017 with regard to his theft of SSA benefits and was ordered to pay restitution to the SSA. Tr. 848–72. Despite Plaintiff's assertion to the contrary, the record contains no reference to any "dismissed" or "expunged" criminal charges, and Plaintiff presents no documentary evidence of the alleged dismissal or expungement on appeal.

Even if the Court were to accept as true Plaintiff's contention that his criminal charge was dismissed or expunged, Plaintiff's argument is unavailing because the SSA is not required to base a finding of fraud or similar fault upon the existence of an underlying charge or conviction. *See* SSR 22-1P, 2022 WL 2533116, at *3 (recognizing that evidence of fraud or similar fault need not necessarily derive from a criminal prosecution); *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 811 (6th Cir. 2018) ("Congress plainly intended to authorize reassessments of initial determinations without *proof* of fraud when it directed the SSA to 'redetermine the entitlement of individuals . . . if there is *reason to believe* that fraud . . . was involved in the application [for benefits].'") (emphasis and brackets in original) (quoting 42 U.S.C. § 405(u)(1)(A)). Here, the ALJ relied not

---

[5] "An *Alford* plea is 'an arrangement in which a defendant maintains [their] innocence but pleads guilty for reasons of self-interest.'" *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012) (quoting *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011)).

*Anthony F. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2771
November 14, 2023
Page 6

only upon Plaintiff's *Alford* plea but also upon the findings contained in the report of the Office of the Inspector General as support for concluding that fraud or similar fault existed in this case.  Tr. 31.  Notably, Plaintiff does not challenge the findings contained in the report of the Office of the Inspector General on appeal.  *See generally* ECF No. 15.  Lastly, while Plaintiff argues that his disability ended in July 2021, not May 2014, he offers no evidence to support this contention.  *See generally id.*  Accordingly, the Court determines that substantial evidence supported the ALJ's determination that Plaintiff's disability ended on May 1, 2014.

B.   The Court Declines to Strike Defendant's References to Plaintiff's Criminal Case.

Plaintiff has also moved to "[s]trike any reference to [his] expunged criminal case from the SSA's brief or any other pleadings."  ECF No. 24 at 2.  Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Federal Rule of Civil Procedure 7(a) characterizes "pleadings" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  The Court has recognized that a party may not move to strike material presented in filings other than pleadings.  *See CX Reinsurance Co. Ltd. v. Johnson*, 325 F.R.D. 132, 135 (D. Md. 2018) ("A motion for summary judgment is not a pleading and therefore is not susceptible to a motion to strike.").

Plaintiff argues that Defendant's reference to his criminal case "is irrelevant and prejudicial to" Plaintiff's position.  ECF No. 24 at 2.  However, prejudice is not a proper basis for striking material contained in a pleading.  *See* Fed. R. Civ. P. 12(f).  Even if it were, it was Plaintiff, not Defendant, who first brought the criminal case to the Court's attention.  *See* ECF No. 15 at 6–8 (arguing that the "charges/allegations of fraud have been dismissed and expunged").  The Court is also unpersuaded that Defendant's reference to the criminal case is irrelevant given that the existence of the case is central to Plaintiff's main argument on appeal.  Lastly, Defendant's brief is not a "pleading" pursuant to Federal Rule of Civil Procedure 7(a).  Therefore, Defendant's filing is not susceptible to a motion to strike.  *See* Fed. R. Civ. P. 7(a), 12(f).  For these reasons, the Court will deny Plaintiff's motion to strike.

C.   Plaintiff's Other Arguments Do Not Warrant Remand.

As a final matter, the Court turns to the "Statement of Issues Presented for Review" contained in Plaintiff's brief.  ECF No. 15, at 4–5.  Plaintiff's "Statement of Issues" contains eleven alleged errors, most of which are not supported by argument.  *Id.*  For the following reasons, the Court determines that none of these additional allegations of error warrant remand.

The Court begins by addressing Plaintiff's broad assertion that the ALJ "erred by not considering or evaluating the evidence" that Plaintiff "previously presented."  ECF No. 15 at 4.  Plaintiff offers no explanation of what evidence went unaddressed by the ALJ, leaving the Court unable to ascertain whether any such omission might have amounted to error.  Accordingly, the Court must reject this argument.

*Anthony F. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2771
November 14, 2023
Page 7

The Court also disagrees with Plaintiff that the ALJ failed to "advise [him] of all the issues to be considered" during the hearing. *Id*. In a notice of hearing dated December 18, 2020, the SSA made clear that the ALJ would consider two issues at the hearing: (1) whether there has been any medical improvement relating to Plaintiff's ability to work since he was last found disabled and (2) whether one of the exceptions to medical improvement stated in the Social Security Act and in SSA regulations applies to Plaintiff's case. Tr. 464–66. Additionally, a review of the transcript of the June 21, 2021 hearing belies Plaintiff's contention that the ALJ failed to swear Plaintiff in during the hearing. *See* Tr. 46 (noting that Plaintiff was "duly sworn" before testifying). Plaintiff further asserts that the ALJ erred by even *considering* the issue of whether fraud or similar fault existed in this case. *Id*. The Court disagrees. Where, as here, there "is reason to believe that fraud or similar fault was involved" in a claimant's application for benefits, the SSA is required to determine whether a claimant continues to be entitled to those benefits. 42 U.S.C. § 405(u)(1)(A).

Plaintiff also argues that the ALJ erred by contravening HALLEX I-2-I-80B. ECF No. 15 at 4. "If a claimant is unrepresented at a hearing," HALLEX I-2-I-80B requires an ALJ to "confirm during the opening statement . . . that the claimant was properly advised of the right to representation . . . and that the claimant is capable of making an informed choice about representation." HALLEX I-2-I-80B(1), 2018 WL 6528001 (S.S.A. July 21, 2023). The transcript of the June 21, 2021 hearing confirms that the ALJ failed to inform Plaintiff of his right to representation in an opening statement. *See* Tr. 43–60. Nonetheless, Plaintiff's argument does not warrant remand because, "[a]s an internal guidance tool [for the SSA], HALLEX lacks the force of law." *Melvin v. Astrue*, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009) (citations omitted). Accordingly, courts have recognized that to demonstrate reversible error from a violation of HALLEX, a plaintiff must demonstrate that the violation resulted in prejudice. *See id.*; *Mitchell v. Kijakazi*, No. 4:20-cv-04316-DCN-TER, 2022 WL 5434232, at *4 n.4 (D.S.C. June 29, 2022) ("[A]lthough[ ] HALLEX does not have the force of law, a failure to follow its procedures that results in prejudice to the claimant constitutes reversible error."), *report and recommendation adopted*, 2022 WL 4494292 (D.S.C. Sept. 28, 2022). Because Plaintiff alleges no prejudice resulting from the ALJ's failure to observe HALLEX's dictates, the Court determines that remand is not warranted on this ground.

Plaintiff's remaining arguments concern the ALJ's July 29, 2021 decision. First, Plaintiff asserts that the ALJ "modif[ied]" previous decisions without providing Plaintiff due process. ECF No. 15 at 4. Plaintiff premises this argument on the ALJ's alleged failure to abide by certain procedures outlined in the SSA's Program Operations Manual System ("POMS"). *Id.* at 8 (arguing that POMS DI 27505.015 required the SSA to provide Plaintiff with thirty days' notice to offer additional evidence). However, Plaintiff's due process argument is unavailing because "although the SSA's POMS can be persuasive, it does not have the force of law." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003); *accord O'Donnell v. Saul*, 983 F.3d 950, 958 (7th Cir. 2020). Because Plaintiff alleges no due process violation other than an alleged POMS oversight, the Court dismisses this argument.

In addition, Plaintiff offers no explanation of how the ALJ's failure to consider *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999) affected this case's outcome. Nor

*Anthony F. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2771
November 14, 2023
Page 8

does Plaintiff explain how a failure to properly evaluate statements made by a treating physician constituted error, given that the ALJ did not evaluate any medical opinions.  Accordingly, the Court also rejects these arguments.

Plaintiff further avers that the ALJ erred by not considering whether Plaintiff has an impairment or combination of impairments which satisfies the criteria of a listed impairment.  ECF No. 15 at 4.  The Court disagrees.  "The claimant bears the burden of proof through the first seven steps" of the sequential evaluation process used in determining whether a claimant continues to be disabled.  *Walters v. Saul*, 452 F. Supp. 3d 164, 167 (M.D. Pa. 2020), *report and recommendation adopted*, No. 1:18-CV-2287, 2020 WL 1531369 (M.D. Pa. Mar. 31, 2020).  Because an ALJ considers whether a listed impairment is met or equaled at step two of that process, and because Plaintiff offers no support for his contention that the ALJ erred at this step, the Court must reject this argument.

As a final matter, the Court rejects Plaintiff's arguments regarding the RFC.  A review of the ALJ's decision makes clear that the ALJ took note of the RFC assessed on December 2, 2011.  *See* Tr. 30.  Subsequently, having properly ended the inquiry at step five, the ALJ was not required to proceed to step seven of the sequential evaluation process—the step at which a new RFC would have been assessed.  *See* Tr. 31–32; 20 C.F.R. § 404.1594(f)(7).  Because the ALJ's decision stopped short of assessing a new RFC at step seven, the Court also rejects Plaintiff's assertions that the RFC was unsupported by substantial evidence or correct legal standards.

## V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion to strike, ECF No. 24, is DENIED and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge